# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| In the Matter of the Search of:<br>Information associated with account identified as<br><u>whang.andrew@yahoo.com</u> that is within the<br>possession, custody, or control of Yahoo!, Inc. | )<br>)<br>)<br>)<br>)<br>) | Case No. 8:18-MJ-00023 |

### WARRANT PURSUANT TO 18 U.S.C. § 2703

To:    Any Authorized Law Enforcement Officer

An application by a federal law enforcement officer requests the production and search of the following data:

*See Attachment A*

The data to be produced and searched, described above, are believed to contain the following:

*See Attachment B*

I find that the affidavit, or any recorded testimony, establishes probable cause to produce and search the data described in Attachment A, and to seize the data described in Attachment B. Such affidavit is incorporated herein by reference.

**AUTHORIZED LAW ENFORCEMENT OFFICER/S IS/ARE HEREBY COMMANDED** to serve this warrant on Yahoo!, Inc. in the daytime, between the hours of 6:00 a.m. and 10:00 p.m., within 14 days from the date of its issuance.

**YAHOO!, INC IS HEREBY COMMANDED** to produce the information described in Attachment A within 10 calendar days of the date of service of this order. **YAHOO!, INC IS FURTHER COMMANDED** to comply with the further orders set forth in Attachment B, and, pursuant to 18 U.S.C. § 2705(b), shall not notify any person, including the subscriber(s) of the account/s identified in Attachment A, of the existence of this warrant.

The officer executing this warrant, or an officer present during the execution, shall prepare an inventory as required by law, and shall promptly return this warrant and the inventory to the United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.

**AUTHORIZED LAW ENFORCEMENT OFFICER/S IS/ARE FURTHER COMMANDED** to perform the search of the data provided by YAHOO!, INC pursuant to the procedures set forth in Attachment B.

Date: *2-1-18*

City and State: *Santa Ana, CA*

*Judge's signature*

John D. Early, U.S. Magistrate Judge
*Printed name and title*

AUSA:  Katherine A. Rykken (213-894-3659)

| **Return** | |
|---|---|
| Case No:<br>8:18-MJ-00023 | Date and time warrant served on provider:<br>02·01-18 ; 1529 by email |

Inventory made in the presence of:

Inventory of data seized:
[Please provide a description of the information produced.]

Data provided on or about 4-24-18;
approximately 1,195 emails kept
in accordance with attachment
B. No further review of unrelated
emails. Review concluded on or
about 7-17-18.

| **Certification** |
|---|

I declare under penalty of perjury that I am an officer involved in the execution of this warrant, and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: 7-18-18

_Executing officer's signature_

Hazan  US Posta Inspector
_Printed name and title_

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

This warrant applies to information associated with the SUBJECT ACCOUNT identified as whang.andrew@yahoo.com that is within the possession, custody, or control of Yahoo!, Inc., a company that accepts service of legal process at 710 First Avenue, Sunnyvale, California 94089, regardless of where such information is stored, held, or maintained.

<u>ATTACHMENT B</u>

<u>ITEMS TO BE SEIZED</u>

I.   <u>SEARCH PROCEDURE</u>

1.   The warrant will be presented to personnel of Yahoo!, Inc. (the "PROVIDER"), who will be directed to isolate the information described in Section II below.

2.   To minimize any disruption of service to third parties, the PROVIDER's employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the information described in Section II below.

3.   The PROVIDER's employees will provide in electronic form the exact duplicate of the information described in Section II below to the law enforcement personnel specified below in Section IV.

4.   With respect to contents of wire and electronic communications produced by the PROVIDER (hereafter, "content records," see Section II.10.a. below), law enforcement agents and/or individuals assisting law enforcement and acting at their direction (the "search team") will examine such content records pursuant to search procedures specifically designed to identify items to be seized under this warrant.  The search shall extract and seize only the specific items to be seized under this warrant (see Section III below).  The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

i

5.   If the search team encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

6.   The search team will complete its search of the content records as soon as is practicable but not to exceed 120 days from the date of receipt from the PROVIDER of the response to this warrant.  The government will not search the content records beyond this 120-day period without first obtaining an extension of time order from the Court.

7.   Once the search team has completed its review of the content records and created copies of the items seized pursuant to the warrant, the original production from the PROVIDER will be sealed -- and preserved by the search team for authenticity and chain of custody purposes -- until further order of the Court.  Thereafter, the search team will not access the data from the sealed original production which fell outside the scope of the items to be seized absent further order of the Court.

8.   The special procedures relating to digital data found in this warrant govern only the search of digital data pursuant to the authority conferred by this warrant and do not apply to any search of digital data pursuant to any other court order.

9.   Pursuant to 18 U.S.C. § 2703(g) the presence of an agent is not required for service or execution of this warrant.

## II.  INFORMATION TO BE DISCLOSED BY THE PROVIDER

10.  To the extent that the information described in Attachment A is within the possession, custody, or control of the PROVIDER, including any information that has been deleted but is still available to the PROVIDER, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the PROVIDER is required to disclose the following information to the government for SUBJECT ACCOUNT listed in Attachment A:

a.  All contents of all wire and electronic communications associated with SUBJECT ACCOUNT, limited to that which occurred on or after January 1, 2017,[4] including:

i.  All e-mails, communications, or messages of any kind associated with SUBJECT ACCOUNT, including stored or preserved copies of messages sent to and from the account, deleted messages, and messages maintained in trash or any other folders or tags or labels, as well as all header information associated with each e-mail or message, and any related documents or attachments.

ii.  All records or other information stored by subscriber(s) of SUBJECT ACCOUNT, including address books, contact and buddy lists, calendar data, pictures, videos, notes, texts, links, user profiles, account settings, access logs, and files.

---

[4] To the extent it is not reasonably feasible for the PROVIDER to restrict any categories of records based on this date restriction (for example, because a date filter is not available for such data), the PROVIDER shall disclose those records in its possession at the time the warrant is served upon it.

iii. All records pertaining to communications between the PROVIDER and any person regarding SUBJECT ACCOUNT, including contacts with support services and records of actions taken.

b.   All other records and information, including:

i.   All subscriber information, including the date on which the account was created, the length of service, the IP address used to register the account, the subscriber's full name(s), screen name(s), any alternate names, other account names or e-mail addresses associated with the account, linked accounts, telephone numbers, physical addresses, and other identifying information regarding the subscriber, including any removed or changed names, email addresses, telephone numbers or physical addresses, the types of service utilized, account status, account settings, login IP addresses associated with session dates and times, as well as means and source of payment, including detailed billing records, and including any changes made to any subscriber information or services, including specifically changes made to secondary e-mail accounts, phone numbers, passwords, identity or address information, or types of services used, and including the dates on which such changes occurred, for the SUBJECT ACCOUNT.

ii.   All user connection logs and transactional information of all activity relating to SUBJECT ACCOUNT described above in Section II.10.a., including all log files, dates, times, durations, data transfer volumes, methods of

connection, IP addresses, ports, routing information, dial-ups, and locations.

III.  **INFORMATION TO BE SEIZED BY THE GOVERNMENT**

    11.  For SUBJECT ACCOUNT listed in Attachment A, the search team may seize:

    a.  All information described above in Section II.10.a. that constitutes evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. § 501 (Using and Selling Counterfeit Postage Stamps), and 18 U.S.C. § 1725 (Unpaid Postage), namely:

    i.  Information relating to who created, accessed, or used SUBJECT ACCOUNT, including records about their identities and whereabouts;

    ii.  Communications and attachments using or referencing the following names or identities: "Andrew WHANG" "Van Nuys Post Masters," and "Cal Post Masters";

    iii. Communications and attachments, including photographs or images, referring or relating to transactions of sales, purchases, solicitations, and/or ordering of postage stamps from non-USPS sources,

    iv.  Communications and attachments related to receipt of income, profits, sales, business transactions, and/or expenditures involving the sale, purchase, and/or exchange of postage stamps; and

    v.  Communications and attachments related to the identities of any co-conspirators.

   b. All records and information described above in Section II.10.b.

## IV. PROVIDER PROCEDURES

  12. IT IS ORDERED that the PROVIDER shall deliver the information set forth in Section II within 10 days of the service of this warrant.  The PROVIDER shall send such information to:

Lori Hazan, Postal Inspector
PO Box 122110, San Diego, CA 92112-2110
619-531-8226 phone/619-531-8201 fax
lahazan@uspis.gov

  13. IT IS FURTHER ORDERED that the PROVIDER shall provide the name and contact information for all employees who conduct the search and produce the records responsive to this warrant.

  14. IT IS FURTHER ORDERED that the PROVIDER shall not notify any person, including the subscriber(s) of each account identified in Attachment A, of the existence of the warrant, until further order of the Court or until written notice is provided by the United States Attorney's Office that nondisclosure is no longer required.